UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SANTIAGO ALANIZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No. 1:05-CV-168
(Criminal Case No. 1:02-CR-217-03)

HON. GORDON J. QUIST

## OPINION

This Court has before it Santiago Alaniz's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

    1.    **Procedural History.**

On November 24, 2003, Petitioner pled guilty to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii). There was no written plea agreement. On March 18, 2004, this Court sentenced Petitioner to 180 months incarceration. Judgment was entered on March 22, 2004.

Petitioner did not file an appeal with the Court of Appeals for the Sixth Circuit. On March 7, 2005, Petitioner filed his Motion under 28 U.S.C. § 2255. The motion is timely.

### 2. *Blakely* and *Booker* **Relief Cannot be Applied Retroactively**.

The essence of this petition is that this Court violated Petitioner's Sixth Amendment rights (1) by calculating his sentence based on the Court's finding of a quantity of between 15 and 50 kilograms of cocaine rather than only 5 kilograms; and (2) by enhancing his sentence by three points[1] under U.S.S.G. § 3B1.1(a) for being a manager or supervisor in the offense. (Def.'s § 2255 Mot. at 4-5.) Although not cited, Petitioner apparently refers to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). In *Blakely*, decided last summer, the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury. The decision called into question the constitutionality of both Washington state's sentencing guidelines and the federal sentencing guidelines. In *Booker*, decided this January, the Supreme Court addressed whether the federal sentencing guidelines and enhancement provisions violate a defendant's Sixth Amendment rights. The Supreme Court concluded that the mandatory federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. However, the application of the federal guidelines does not violate a defendant's constitutional rights so long as the guidelines are advisory rather than mandatory.

Here, Petitioner's claim fails because the Sixth Circuit has explicitly held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to cases on collateral

---

[1] Petitioner alleges that his sentence was enhanced by four points, but it was only enhanced by three points for his role in the offense. Furthermore, the Court granted a downward departure and reduced the sentence by two points.

2

review under § 2255. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005). In *Humphress*, the district court had enhanced the petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The petitioner filed a § 2255 motion, claiming that the enhanced sentence violated *Blakely*. Because *Booker* was decided after the petitioner had filed his motion, the Sixth Circuit also considered *Booker* in its analysis. It concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria required to be applied retroactively to cases on collateral review set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989). Specifically, the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-863. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id.* Accordingly, Petitioner's claim must fail.

### 3. Ineffective Assistance of Counsel Claim.

Petitioner also claims that his counsel was ineffective for failing to warn him that the Court could depart upward at sentencing. Specifically, Petitioner claims that his attorney "told me to plea [sic] guilty to 60 months and I end [sic] up with 180 months. I was misled and was not advised about upward departures. I concluded that I should be sentence [sic] as one who trafficked in no more than 5 kilograms. I did not have a plea agreement. I did not plea to 50 kilograms." (Def.'s § 2255 Mot. at 6-7.)

The Sixth Circuit has stated the test for ineffective assistance of counsel as follows:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that

3

>counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*
>
>"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.
>
>To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if [Petitioner] was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

Thus, even if counsel's representation is found to be deficient, the petitioner must show that he suffered prejudice. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366 (1985); *see also Nagi v. United States*, 90 F.3d 130, 135-36 (6th Cir. 1996). Petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have *insisted on going to trial*. *Hill*, 474 U.S. at 59 (emphasis added); *see also Roe v. Lucio Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000). Here, Petitioner cannot demonstrate that the result would have been different if his attorney had informed him about the risk of a greater sentence and the possibility of upward departure. First, Petitioner, and several codefendants, pled guilty only after their trial had been going on for several days. Therefore, it is difficult for Petitioner to now argue that he would have continued the trial had his attorney warned him of the possibility of a longer sentence. In fact, at the plea hearing, the Court advised that it could continue the trial and let the jury decide, but Petitioner declined this option. Second, Petitioner pled guilty to conspiracy to possess with intent to distribute and to distribute 5 kilograms *or more* of cocaine. He did not limit his plea to only 5

4

kilograms or less of cocaine. Based on the evidence, the Court found Petitioner responsible for between 15 and 50 kilograms of cocaine.

Third, the Court explicitly informed Petitioner that it was not bound by any agreements with any other party or any expectations regarding the sentence. At the plea hearing, the Court asked Petitioner whether he was pleading guilty because of any promise or assurance regarding sentence, and Petitioner answered "No." The Court explained that although the Court could depart downward if Petitioner substantially assisted the government, it was not required to do so. The Court also explained that if the government did not move to reduce Petitioner's sentence, then Petitioner could not withdraw his guilty plea. The Petitioner acknowledged that he understood. Finally, the Court explicitly warned Petitioner that if he pled guilty he would face a sentence of *at least* 10 years and up to life. Knowing this penalty range, Petitioner still pled guilty. Even if Petitioner's attorney failed to notify Petitioner of the consequences of his plea, Petitioner cannot claim that his plea was unknowing and involuntary because the Court advised him of his rights and possible consequences. *See United States v. Todaro*, 982 F.2d 1025, 1029-30 (6th Cir. 1993). Furthermore, Petitioner does not allege actual innocence of the crime, so the prejudice prong of *Strickland* has not been met. For these reasons, Petitioner's ineffective assistance claim must fail.

**4.     No Certificate of Appealability**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of

Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases.  In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated: July 13, 2005                          /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE